## JOSEPH SCHLITZ BREWING COMPANY *v.* HOUSTON ICE & BREWING COMPANY ET AL.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 326.   Submitted April 24, 1919.—Decided May 19, 1919.

A manufacturer of beer cannot claim the exclusive right to use brown bottles with brown labels; but their adoption by a competitor may contribute to a wrongful deception if combined with an imitative inscription.

*Held*, that defendant's label was so dissimilar to plaintiff's in shape, script, meaning, and mode of attachment, that it could not be said to add appreciably to any deception that might arise from the brown color of label and bottle.

241 Fed. Rep. 817, affirmed.

THE case is stated in the opinion.

Mr. *Russell Jackson* for petitioner.   Mr. *John W. McMillan* was on the brief.

Mr. *H. M. Garwood* for respondents.   Mr. *Jesse Andrews* and Mr. *Walter H. Walne* were on the brief.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought to restrain the use of a trade-mark alleged to infringe the plaintiff's or at least to be used in a way that is calculated to deceive and unfairly to interfere with the plaintiff's good will. Both Courts have found for the defendant, 241 Fed. Rep. 817, 154 C. C. A. 519, so that the only question that we shall consider is whether upon inspection it can be said as matter of law that the admitted acts of the defendant are a wrong of which the plaintiff can complain.

Both parties sell beer in brown bottles with brown labels and the plaintiff conceded below and still with some unwillingness seems to concede that, although perhaps it first introduced them in this connection and this place, it cannot claim the brown bottle, the brown label, or the two combined. These could be used without a warning, such as sometimes is required, that the beer was not the plaintiff's. The only question is how the additional element, the form of the inscription, should be treated. It often is said that the plaintiff must show a deception arising from some feature of its own not common to the public. *United States Tobacco Co.* v. *McGreenery*, 144 Fed. Rep. 531, 532, cited by the Court below. But so stated the proposition may be misleading. It is not necessary that the imitation of the plaintiff's feature taken alone should be sufficient to deceive. It is a fallacy to break the fagot stick by stick. It would be enough if taken with the elements common to the public the inscription accomplished a result that neither would alone. *New England Awl & Needle Co.* v. *Marlborough Awl & Needle Co.*, 168 Massachusetts, 154, 156.

But it is true that the unlawful imitation must be what achieves the deception, even though it could do so only on the special background lawfully used. The question again narrowed is whether that is the case here. The

shape of the defendant's label is different from the plaintiff's; the script upon it not only is wholly different from the other in meaning, to one who reads the two, but hardly can be said to resemble it as a picture. The two labels are attached to the bottles in quite unlike modes. The Schlitz is applied in a spiral around the length of the bottle so as to make the ends of the label parallel to the sides of the glass. The defendant's is pasted around the bottom of the bottle in the usual way. This diversity of itself renders mistake unlikely. If there were deception it seems to us that it would arise from beer and·brown color and that it could. not be said that the configuration appreciably helped. *Coats* v. *Merrick Thread Co.*, 149 U. S.. 562, 573. Beyond stating the principles to be applied there is little to be said except to compare the impression made by the two, or, if that form of statement is preferred, the memory of Schlitz with the presence of the defendant's bottles as marked.

.         *Decree affirmed.*

Mr. Justice McKenna and Mr. Justice Pitney dissent.