### WUNDERLICH v. CASH.

Circuit Court of Appeals, Fifth Circuit.
June 19, 1929.

No. 5228.

H. W. Robinson, of New Orleans, La., for appellant.

Norville R. Leigh, Jr., and D. H. Edington, both of Mobile, Ala., for appellee.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree dismissing appellant's amended bill, which complained of the use by the appellee on containers of medicinal preparations marketed by him of the name or words "White Cross" and the figure of a cross in white. The ground of the cause of action asserted is unfair competition, in that, after appellant had for many years used the name or words "White Cross," together with the figure of a white cross on the bottles or other containers of medicinal preparations marketed by him, and after medicinal prep-

arations put up in containers so marked had come to be known and recognized by wholesale and retail purchasers as appellant's medicinal preparations, appellee commenced the manufacture and sale in the same trade territory of similar medicinal preparations under the name "White Cross," together with the figure of a white cross on the containers, and so similar to the name and figure previously used in connection with appellant's medicinal preparations as to mislead purchasers into believing that medicinal preparations manufactured and sold by appellee were appellant's products. The appellant did not allege or prove that he had acquired the exclusive right to the use, in connection with medicinal preparations, of the name or words "White Cross" or of the figure of a cross in white. It was not alleged or proved that at any time appellant was the exclusive user in connection with medicinal preparations of the words or name "White Cross" or of the figure of a cross in white.

The evidence showed that, after appellant had for many years been marketing a product put up in packages having on them the words "White Cross Kidney, Liver and Blood Tea" and a Maltese cross with lettering and fancy trimmings around it, the package being white and the printing on it black, and selling for 10 cents each, appellee began marketing in the same trade territory his medicinal preparations put up in packages having on them the words "White Cross Liver Medicine" and a plain Greek cross; his package having a red background with the printing on it in white, and the price 25 cents being stated in print. The packages are dissimilar and of different sizes. The evidence was without conflict to the effect that the differences between the packages are such that one who was familiar with appellant's product and called for it would at once detect the difference if appellee's product in his package was offered in response to the call.

The use of the words "White Cross" and of the figure of a cross in white being open to both appellant and appellee, the use by the appellee in the dress of his products of the words "White Cross" and of the figure of a cross in white, unaccompanied by any deceptive imitation of appellant's manner of disclosing those words or that figure, or of any other feature of the dress in which appellant's products were marketed, was not a violation of the right asserted by the appellant. It was not enough to entitle appellant to relief sought that some purchasers might be influenced to accept appellee's product

when appellant's was desired merely because appellee's package had on it in any way the words "White Cross" and the figure of a cross in white, though the differences in other respects between appellant's and appellee's packages were such as to make them readily distinguishable by an ordinarily observant purchaser. Schlitz Brewing Co. v. Houston Ice Co., 250 U. S. 28, 39 S. Ct. 401, 63 L. Ed. 822; Id. (C. C. A.) 241 F. 817; Coats v. Merrick Thread Co., 149 U. S. 562, 13 S. Ct. 966, 37 L. Ed. 847. The differences between appellant's and appellee's packages were such as rendered mistake unlikely, and to warrant the conclusion that, if there was any deception, it was due to resemblance in features as to which appellant had no exclusive right. We conclude that the evidence did not sustain the claim asserted by appellant's bill as it was amended.

The decree is affirmed.