**SEVEN UP CO. v. CHEER UP SALES CO. OF ST. LOUIS, MO., et al.**

No. 12955.

Circuit Court of Appeals, Eighth Circuit.

April 26, 1945.

Rehearing Denied May 15, 1945.

John H. Cassidy, of St. Louis, Mo. (Frank Y. Gladney and Jones, Hocker,

Gladney & Grand, all of St. Louis, Mo., on the brief), for appellant.

Oliver T. Remmers, of St. Louis, Mo., for appellees.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the plaintiff from a decree dismissing its bill in equity in a suit under the Trade-Mark Laws of the United States, 15 U.S.C.A. § 81 et seq., (1) to enjoin infringement of its registered trade-marks and unfair competition, (2) for damages, and (3) for cancellation of defendant Orange Smile Sirup Company's registered trade-mark No. 340,923.

Plaintiff's registrations are No. 252,350, issued February 5, 1929, for "Seven Up", and No. 331,345, issued January 7, 1936, for "7 Up". Both are for use on the goods or on the packages or bottles containing non-alcoholic soft drinks and syrups, extracts and flavors used in making the same. Defendants' registration is for "Cheer Up", issued November 24, 1936, for use on similar soft drinks and their containers.

Plaintiff and defendants are corporations organized under the laws of Missouri with their principal places of business in the city of St. Louis.

In its complaint the plaintiff avers that it is engaged in manufacturing and selling extracts for flavoring soft drinks, and contracting with bottlers to bottle and sell beverages flavored with such extracts; that it adopted and first used its trade-marks in 1928; that about the year 1929 it devised a secret formula for compounding an extract carrying lemon-lime flavoring to be used in flavoring a carbonated soft drink beverage to be sold in bottles and introduced the same into commerce; that about 1930 it applied its trade-mark to designate and make known said extract; and that since said date it has continuously made and sold said extract and has used said trade-mark exclusively for said lemon-lime beverage. That it has established its business throughout the United States and in foreign countries; that since 1930 it has spent $2,000,000 for advertising; that in 1930 its sales of extract aggregated 30 gallons; that the volume of sales increased progressively each year until in 1940 the sales amounted to over 75,000 gallons, sufficient to make 630,000,000 seven ounce bottles of 7 Up; and that its trade-marks are worth at least $3,000,000. That its bottlers use a distinctive green glass seven ounce bottle with fused markings thereon in two colors, white and a modified red or red-orange, including "7 Up" with a design on the neck of the bottle.

That defendants engage in substantially the same business, making a lemon-lime extract, contracting with bottlers for territory; that defendants have adopted and use the trade-mark "Cheer Up", which infringes plaintiff's trade-mark; that defendants have used a bottle and crown simulating plaintiff's package; and that further to confuse the public they have used other devices following or suggested by plaintiff's advertising.

That plaintiff's and defendants' trade-marks are interfering trade-marks within the meaning of the Trade-Mark statutes, 15 U.S.C.A. § 102.

The statute under which the action is brought (15 U.S.C.A. § 96) and upon which federal jurisdiction is based provides that "Any person who shall, without the consent of the owner thereof, reproduce, counterfeit, copy, or colorably imitate any such [registered] trade-mark and affix the same to merchandise of substantially the same descriptive properties as those set forth in the registration * * * and shall use * * * such reproduction, counterfeit, copy, or colorable imitation in commerce among the several States * * * shall be liable in an action for damages therefor at the suit of the owner thereof * * *."

The proper function of a trade-mark is that by association with goods it becomes a means of identification of the origin or ownership of the article and hence a symbol of good will. This essential element is the same both in trade-mark cases and in cases of unfair competition unaccompanied with trade-mark infringement. The law of trade-marks is but a part of the law of unfair competition. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 413, 36 S.Ct. 357, 60 L.Ed. 713; Walgreen Drug Stores v. Obear-Nestor Glass Co., 8 Cir., 113 F.2d 956, 961; F. W. Fitch Co. v. Camille, Inc., 8 Cir., 106 F.2d 635.

It is not claimed in the instant case that the defendants' trade-mark is a copy of plaintiff's, but that it is a colorable imitation thereof. When this issue

is presented and when, as in the present case, no evidence of actual instances of confusion in the purchase of goods is introduced, the test of deceptive similarity is whether ordinary purchasers, buying under the usual conditions in the trade and exercising ordinary care, would likely be induced to purchase the article to which the accused trade-mark is affixed, believing it to be the plaintiff's article. Queen Mfg. Co. v. Isaac Ginsberg & Bros., Inc., 8 Cir., 25 F.2d 284, 287; S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 96 F.2d 978, 987. This test must be applied by comparing and contrasting the accused trade-mark with the purchaser's assumed memory of the plaintiff's trade-marks. Schlitz Brewing Co. v. Houston Ice Co., 250 U.S. 28, 30, 39 S.Ct. 401, 63 L.Ed. 822. In thus testing the memory of the ordinary careful purchaser, the court must consider the appearance of the two trade-marks as to form and color and their similarity or difference in sound or meaning when pronounced. Esso, Inc., v. Standard Oil Co., 8 Cir., 98 F.2d 1.

Whether the defendants' trade-mark "Cheer Up" is so similar to the trade-marks "Seven Up" or "7 Up" that the former deceives or is likely to deceive purchasers and cause them to buy the product of the defendants believing it to be the product of the plaintiff, is a question of fact. The findings of the trial court on this question are presumptively correct, and such findings will not be disturbed on appeal, unless this court can say that in the light of the evidence the court erred as a matter of law. Cleo Syrup Corporation v. Coca Cola Co., 8 Cir., 139 F.2d 416, 417, 150 A.L.R. 1056; F. W. Fitch Co. v. Camille, Inc., supra; Magazine Publishers, Inc., v. Ziff-Davis Pub. Co. 2 Cir., 147 F.2d 182, 185; Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c.

In this case there is no evidence of palming off or of confusion of customers. The findings on both infringement and unfair competition are based solely upon a comparison of the trade-marks and the appearance of the packages. It is not disputed that the goods of the parties are of the "same descriptive properties"; both plaintiff and defendants are engaged in marketing through licensed bottlers lemon-lime soft drinks or beverages. In comparing the respective trade-marks and packages of the parties the trial court found that

"6. The label now used by the plaintiff * * * comprises a substantially square area outlined in white within which is another substantially square area colored reddish orange and alongside the colored square the outside of a human figure clad in a bathing suit. Within the reddish orange area, there appears in white lettering, and somewhat askew, the character '7 Up'. The only other wording appearing here is 'Reg. U. S. Pat. Off.' According to plaintiff's evidence, the beverage is uniformly bottled in 7 oz. green glass bottles with the label described fused to the glass. Plaintiff's evidence shows that this style of bottling has been practiced continuously since the year 1936, and the label as described has been used without any substantial change since that time. More recently, a neck label has also been applied to the bottles. On the newer 7 oz. bottles, this neck label is a small white square with figures '7 Up' outlined therein, * * *. The cap applied to plaintiff's bottles has a black square on a white background with the characters '7 Up' within it in white * * *."

8. The defendants also use "a 7 oz. green glass bottle with a fused label permanently affixed to the glass. The label consists of a rectangle with the greater dimension being from top to bottom, outlined in red; the sides of the label are stepped out, the stepped out portion being likewise colored red. Inside the red rectangle is a white field with a red circle therein, and the words 'Cheer Up' in red inside the circle * * * on the red stepped out portion of one side of the label is the word 'Different' in white letters; on the opposite side is the word 'Healthful'. In white letters against the red circle are the words 'a delightful beverage. A real super-charged mixer.' Along the bottom of the label is the statement in white block letters 'With 50 int. units vitamin B1 added.' There is also a neck label, consisting of the words 'Cheer Up' fused into the glass in white. The cap applied to Defendants' bottles has the words 'Cheer Up' in dark blue block letters on a white background along the curve of the cap. Beneath those words, in lines straight across the cap, is the legend in dark blue letters 'with 50 int. units of Vitamin B1 added.'

"13. The recurrence of the word 'Up' in defendants' trade-mark and plaintiff's trade-marks does not of itself tend to de-

ceive the ordinarily prudent purchaser into confusing the trade-mark of the defendants with the trade-mark of plaintiff.

"14. The ordinarily prudent purchaser would not be deceived into thinking that 'Cheer Up' is the same product as 'Seven-Up' or '7 Up' since there is no such similarity between the appearance or sound of 'Cheer Up' on the one hand and 'Seven Up' or '7 Up' on the other hand, as would induce such deception or confusion."

We agree with the findings of the court. Plaintiff does not contend that the findings of the descriptive or evidentiary facts set out in findings numbered 6 and 8 are incorrect or erroneous. The contention is that the inferential facts of findings 13 and 14 are not supported by the evidence. Whether we regard the point as one of law for our decision or as one of fact, and, therefore, presumptively correct, we think the trial court did not err. The plaintiff's trade-mark "Seven Up" or "7 Up" is an arbitrary mark having no reference to the description or qualities of the goods on which it is used. The defendants' mark "Cheer Up" is apparently intended to suggest that the beverage contained in the bottle or package to which it is attached possesses a property which will improve the customer's feelings. When we compare the appearance of the marks we see no deceptive similarity, and the pronunciation is unlike. We are impressed the contrast is more striking than the similarity.

The plaintiff argues that the word "Up" is dominant in both marks and that the words "Seven" and "Cheer" are similar, while the defendants assert that "Cheer" and "Seven" are the dominant words and that they are dissimilar; but we need not decide this argument. The marks considered as a whole, in respect of both appearance and sound, are too dissimilar in our opinion to be likely to produce confusion. Both parties in able and exhaustive briefs have cited numerous authorities, claimed by them to support their respective contentions; but in our opinion they prove only that each case must be decided upon its own facts according to its merits.

The trial court also found that there is no basis in the evidence for the charge of unfair competition. The plaintiff contends that the court erred in this finding in that, instead of viewing the competing packages as entireties or ensembles as the public views them, the court considered the separate elements entering into the general appearance of the packages and on this erroneous basis found that no deception or confusion results from the resemblances between the corresponding features of the competing packages. Except for its trade-mark, the plaintiff makes no claim to a right of monopoly upon the separate features of its package, such as the green glass bottle or the colors in its labels, and it is not and has never been the sole producer of a lemon-lime soft drink sold in bottles.

■ Under the law of unfair competition a manufacturer is given protection for the distinctive dress or general appearance of his packages against a competitor who later enters the field with a device calculated to deceive the public and to enable the latter to palm off his goods for the goods of the former. J. C. Penney Co. v. H. D. Lee Mercantile Co., 8 Cir., 120 F.2d 949; Queen Mfg. Co. v. Isaac Ginsberg & Bros., Inc., 8 Cir., supra. Here there is no evidence of confusion, deception or palming off, notwithstanding the plaintiff and defendants dwell in the same city and have been marketing their goods in the same territory for many years and in the same "dress" for the past seven years. During this period neither of them has made any substantial change in the type of bottles used or in the labels applied to them. During this period plaintiff never complained or gave notice of alleged infringement or of unfair competition. The question of deception and of palming off, therefore, is one of probability only.

■ We have observed and examined the exhibits in the case, and we do not think the plaintiff's criticism of the trial court's findings is meritorious. The only identical feature of the two competing packages is the green glass bottle used by each of them; and such bottles are used by other manufacturers of soft drinks and were so used before their adoption by the plaintiff. A further resemblance is that both parties use labels on their bottles, as do other manufacturers of soft drinks; but their labels are different in both color and design. When the rule of ensemble and general appearance is applied, and the elements which are common to the trade, such as bottles and labels of some sort, are considered, the resemblance is not sufficient to warrant a reversal of the trial court's judgment. We can see no probability of confusion or deception resulting

from the concurrent marketing of the two packages in the same territory. The finding of the trial court that the defendants have not competed unfairly with the plaintiff is, therefore, supported by substantial evidence and will not be disturbed on this appeal. The difference in appearance between the competing packages is sufficiently distinctive to identify each of them and to avoid any reasonable probability of confusion. This is all that the law requires. The defendants are not required in equity to insure the plaintiff against confusion by careless purchasers. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 121, 59 S.Ct. 109, 83 L.Ed. 73.

In their briefs the parties concur that the decision on infringement of plaintiff's trade-marks controls decision on the issue of cancellation of defendants' trade-mark. Since we have found that defendants' trade-mark does not infringe it follows that plaintiff is not entitled to cancellation.

Affirmed.