**SEVEN UP CO. v. CHEER UP SALES CO. OF ST. LOUIS, MO., et al.**

No. 12955.

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1946.

Rehearing Denied March 5, 1946.

John H. Cassidy, of St. Louis, Mo. (Frank Y. Gladney and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellant.

Oliver T. Remmers, of St. Louis, Mo., for appellees.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

On October 2, 1942, the petitioner filed its bill of complaint in the Eastern District of Missouri seeking a decree under the Trade-Mark Laws of the United States, 15 U.S.C.A. § 81 et seq., to enjoin infringement of its registered trade-marks "Seven Up" and "7 Up" and unfair competition and for other relief. The accused trade-mark of the respondents is "Cheer Up." Both parties use their trade-marks on packages and bottles containing soft drinks. The case was tried in the District Court in January, 1944, and a decree dismissing the bill was entered in July, 1944. Upon appeal to this court the decree was affirmed (8 Cir., 148 F.2d 909) in April, 1945, and certiorari was denied by the Supreme Court, 66 S.Ct. 32.

The petitioner has now filed and submitted in this court its petition for leave to file a bill of review in the District Court, for permission to supplement its original complaint therein and to introduce evidence in support thereof. A copy of the proposed petition for review and supplement to the complaint are annexed to the petition filed in this court. The gist of the proposed supplement to the complaint is the allegation that "Defendants' dealers have been and are substituting defendants' goods for those of plaintiff, and will continue to do so unless defendants are restrained from using the trade-mark 'Cheer Up', and from using its bottle or package deceptively similar to plaintiff's package."

Also annexed to the petition is the affidavit of petitioner's counsel stating that prior to the filing of the original complaint in the District Court plaintiff had no substantial information that dealers selling defendants' product Cheer Up to the public were actively palming it off or substituting it for the goods of plaintiff. Having decided after the decision of this court was filed to make an investigation to determine whether such substitution was actually practiced, a firm in New York regularly engaged in conducting patent and trade-mark investigations was employed to visit lists of places furnished by affiant and believed or surmised to be dealers handl-

ing defendants' goods and to ask for 7 Up and to observe and report the results.

The evidence which petitioner proposes to introduce in the District Court to support the bill of review and the amended bill of complaint consists of the reports of the investigators so employed to visit respondents' customers. The reports summarized in counsel's affidavit cover visits to dealers in cities in the states of New York, New Jersey, Pennsylvania, Ohio and Missouri.

Respondents have filed a brief in opposition to the petition for leave to file a bill of review to which are annexed affidavits of agents sent to interview many of the dealers in soft drinks named in the reports of petitioner's investigators. These affidavits disclose that in some cases the dealers interviewed by respondents' agents did not handle Cheer Up; in others that they never substituted Cheer Up for an order for some other brand of soft drink without first explaining to the customer what brands of sodas they handled and the customer conformed the order to the available brand.

Having fully considered the petition and the affidavits and arguments in support thereof we have reached the conclusion that the request to file a bill for review is wanting in merit and should be denied. The rules controlling our decision are not in any serious dispute. The law has been reviewed by this court in three comparatively recent decisions. Obear-Nestor Glass Co. v. Hartford Empire Co., 8 Cir., 61 F.2d 31; Hagerott v. Adams, 8 Cir., 61 F.2d 35, certiorari denied 288 U.S. 599 53 S.Ct. 317, 77 L.Ed. 975; and Hagerott v. Adams, 8 Cir., 70 F.2d 352. In so far as material these cases and the authorities cited and relied upon therein hold that

■ a. The allowance by an appellate court of a petition for permission to file a bill of review in the trial court is addressed to the sound judicial discretion of the court and should be exercised cautiously and sparingly and only in cases where it is clearly demonstrated that the interests of justice will undoubtedly be served thereby.

■ b. There are but three, or at most four, grounds upon which a bill of review can be sustained: (1) For error of law apparent upon the face of the record, exclusive of the evidence; (2) new matter which has arisen since the decree; (3) fraud in procuring the decree; and (4) newly discovered evidence which could not have been found and produced by the use of reasonable diligence before the decree was rendered.

■ In the present case neither error of law nor fraud in procuring the decree is alleged. Reliance is placed entirely upon equivocal evidence of palming off defendants' goods for plaintiff's reported by the professional investigators employed after the decision of this court to visit dealers in Cheer Up. The exercise of reasonable diligence would have suggested an investigation of the facts prior to the trial. But had the evidence now available been discovered and offered upon the trial it would not have affected the result. The law governing the issues as stated by this court in its opinion on appeal, 8 Cir., 148 F.2d at page 911, is that when "no evidence of actual instances of confusion in the purchase of goods is introduced, the test of deceptive similarity is whether ordinary purchasers, buying under usual conditions in the trade and exercising ordinary care, would likely be induced to purchase the article to which the accused trade-mark is affixed, believing it to be the plaintiff's article." The testimony sought to be introduced shows no confusion in the purchase of goods by ordinary purchasers exercising ordinary care. The professional investigators employed by the petitioner were not ordinary purchasers and they were not deceived. Their reports are disputed. Nothing in the petition nor in the affidavits attached would, if presented to the trial court, warrant the granting of a new trial or a rehearing.

The petition for leave to file a bill of review and to supplement the bill of complaint in the district court is accordingly denied.