**SYNCROMATIC CORPORATION v. EURE-KA WILLIAMS CORPORATION.**

No. 9741.

United States Court of Appeals
Seventh Circuit.

May 16, 1949.

Rehearing Denied July 2, 1949.

E. J. Balluff, Detroit, Mich., Warren C. Horton, Chicago, Ill., for appellant.

Ira Milton Jones, Milwaukee, Wis., Harold G. Baker, E. St. Louis, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff brought this action for a declaratory judgment enjoining defendant from accusing plaintiff of infringement of defendant's registered trade-mark Oil-O-Matic and from threatening suit for such infringement by sales of oil burners bearing the word Syncromatic, plaintiff's registered trade-mark. Defendant filed a counterclaim charging infringement of its trade-mark by plaintiff's sales of burners bearing the latter's trade-mark. The District Court found that Syncromatic does not infringe

Oil-O-Matic, granted the relief sought by plaintiff and dismissed the counterclaim for want of equity. This appeal followed. Defendant urges that the trial court erred in failing to find infringement and in ruling upon evidence.

Both plaintiff and defendant manufacture oil burning heaters. Defendant is the older and registered its trade-mark first in 1926. The mark is coined and is not descriptive of a product. Defendant's business has been prosperous, due apparently largely not only to the high character of its product but also to extensive advertising and to an efficient dealer organization. Plaintiff orginally manufactured air-conditioning devices but later expanded its products to include liquid burning heating apparatus. In 1935 it applied for registration of its trade-mark Syncromatic. Defendant contested the application and the examiner sustained the opposition. Upon appeal, the Court of Customs and Patent Appeals, in Syncromatic Air Conditioning Corp. v. Williams Oil-O-Matic Heating Corp., 27 C.C.P.A., Patents, 1010, 109 F.2d 784, ruled that the marks Syncromatic and Oil-O-Matic were not so confusingly similar as to bar plaintiff's registration. Plaintiff at that time, apparently, was manufacturing only air-conditioning apparatus. Its registration became effective March 28, 1940. The adjudication of the Court of Customs and Patent Appeals, of course, is not decisive of the issue of infringement presented here. John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232.

Plaintiff's manufacture of articles competitive with defendant began in 1941. Its manufacture of oil burners, specifically, followed in 1946. Defendant first complained of plaintiff's use of its mark in 1945.

Infringement of a trade-mark consists in the unauthorized use or colorable imitation of it upon substituted goods of the same class as those for which the mark has been appropriated. The essence of the wrong consists in the sale of the goods of one manufacturer or dealer as and for those of another by means of such trade-mark. It is only when this false representation is directly or impliedly made that relief will be granted.

The two marks should not be examined with a microscope to detect minute differences but, on the contrary, should be viewed as a whole. Nims, Unfair Competition and Trade Marks, 4th Ed.1947. It is a fallacy to break the faggot stick by stick. Joseph Schlitz Brewing Co. v. Houston Ice & Brewing Co., 250 U.S. 28, 39 S.Ct. 401, 63 L.Ed. 822. Both of the words involved here are coined expressions. To the ear and sight they are entirely different. Syncromatic is written as one word. If we divide it, it naturally becomes Syncro and Matic. Defendant's mark is written in three divisions, Oil, O and Matic, separated by hyphens thus, Oil-O-Matic. The only similarity in the two lies in their termination, Matic. Before this suffix in plaintiff's mark appears Syncro; in defendant's, Oil-O. Thus they differ phonetically and in appearance. The suffixes of the marks obviously are identical but just as obviously the prefixes are quite dissimilar, so much so in fact as, on the face of the record, to make the marks as a whole clearly and easily distinguishable when applied to an apparatus of the character involved here. They are no more confusedly alike than "day-time" and "night-time" or "white man" and "red man." Examples of similar lack of confusion might be cited innumerably. Inasmuch as the marks do not look or sound alike there is no infringement.

It seems clear to us that no ordinary purchaser buying with ordinary caution would be likely to be misled. McLean v. Fleming, 96 U.S. 245, at 251, 24 L.Ed. 828. To adopt and use the Oil-O-Matic trade-mark upon a household apparatus and to forbid all other parties from using any trade-mark having the ending "Matic" on any device in the same field, carried to its logical conclusion would prevent all others from associating with any similar device the suffix Matic. To state such a proposition, it seems to us, is to demonstrate its untenability. Thus in Williams Oil-O-Matic Heating Corp v. Bliss, 19 C.C.P.A., Patents, 821, 54 F.2d 430, the Court of Customs and Patent Appeals held that the trade-mark "Thermatic" was not confusingly similar to "Oil-O-Matic." We conclude that the evidence could support only the conclusions reached by the trial court.

Nor do we think that reception and consideration of the proffered expert testimony would change the result. Defendant produced no evidence of actual confusion between the two marks but offered to prove by so-called experts their opinion that the marks are confusingly similar. Irrespective of whether the court properly excluded this evidence, for the reason that it usurped the province of the trial court or for other proper reason, its inclusion in the record would not have justified any conclusion other than the one reached. Hence, the error, if any, a question we do not reach, was entirely harmless.

Inasmuch as the record reflects no clearly erroneous action upon the part of the District Court, the judgment is affirmed.