37 C.C.P.A. (Patents)

### UNITED DRUG CO. v. MERCIREX CO. (two cases).

### Patent Appeals Nos. 5686, 5687.

United States Court of Customs and Patent Appeals.

May 9, 1950.

Richard A. Mahar and Albert H. Kirchner, Washington, D. C., for appellant.

Charles M. Thomas and Sidney W. Russell, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

These are appeals in consolidated opposition proceedings from the decisions of the Commissioner of Patents, 77 U.S.P.Q. 319 and 77 U.S.P.Q. 322. The cases were here submitted on two separate records but were briefed and argued together. Accordingly, we shall dispose of the two appeals in one decision.

The goods of the parties are of the same descriptive properties and the only question for consideration is whether "Mercirex" so nearly resembles appellant's group of marks containing the word "rex" as to be likely to cause confusion in trade.

One appeal was taken from the decision of the commissioner reversing a decision of the Examiner of Interferences sustaining appellant's opposition, No. 24,159, to the registration of "Mercirex" for medicated cream or ointment for use in the treatment of diseases of the skin and scalp. In its notice of opposition, appellant pleaded ownership of a number of prior registrations,

such as "Rex," "Rexall," etc., for use on a variety of medicinal, pharmaceutical and toilet preparations.

"Alco-rex," "Fungi-rex," "Rex-Salvine" and "Rex-Menthol" were selected by the examiner as bearing the closest resemblance to appellee's mark "Mercirex."

The Examiner of Interferences held that appellee's mark consisted of the arbitrary syllable "rex" in association with the term "Merci," suggestive of one of the ingredients shown on the label of appellee's product, namely, mercury; that appellant's marks also consisted of the same syllable in association with words respectively indicating one of the ingredients or their purposes. For that reason, the examiner held, persons acquainted with the marks of appellant would be likely to assume that the product to which appellee applied its mark originated with appellant.

In a companion opposition, No. 24,043, litigated between the same parties relative to the same marks, the examiner held that appellee's mark, "Mercirex" for soap, was not so similar to appellant's marks as to mislead purchasers as to the origin of the goods.

The parties have agreed that the above holdings of the examiner are inconsistent and that the same ruling should be applied in each of the respective cases. The Commissioner of Patents agreed with the ruling of the examiner in which he held the marks to be dissimilar in opposition, No. 24,043, and disagreed with the examiner and reversed his ruling that the marks were confusingly similar in opposition, No. 24,-159.

The commissioner properly considered that "Rex" and "Rexall" were appellant's basic marks against which the question of confusing similarity should be tested. Neither side took testimony.

The conflicting decisions of the examiner resulted from his side-by-side comparison of appellee's mark as applied in one case to the ointment and in the other to the soap. Careful scrutiny discloses that in the fine print on the label attached to the ointment, it is stated that the product contains certain mercury derivatives whereas the labels attached to appellee's soap contain no such notation.

The Commissioner of Patents directed attention to the fallacy of the examiner's conclusion by pointing out that any customer who might be so careful as to scrutinize appellee's label as to the ingredients of the ointment, would certainly be informed thereby as to the source of the product. From the language of the examiner's decision in opposition No. 24,159, his conclusion appears to have been derived solely from his irregular method of procedure. Magitex Co., Inc. v. John Hudson Moore, Inc., 154 F.2d 177, 33 C.C.P.A., Patents, 956; Seven Up Co. v. Cheer Up Sales Co. of St. Louis, 8 Cir., 148 F.2d 909.

The word "rex" which is the factor common to both marks is primarily defined as a king. On oral argument the suggestion was offered that "Rexall" as applied to appellant's goods was laudatory or symbolic of the fact that appellant's respective products to which the mark was attached were king of all the products in that particular class of goods. "Rex" is a commonly used word, however, registered widely as a trade-mark for use by numerous owners and otherwise commonly used for numerous kinds of goods to signify that the involved goods are superior to other goods of the same class.

Other than the similarities between the contested marks hereinbefore noted, there is no suggestion that appellee in the adoption and use of its mark "Mercirex" has not acted from the outset in good faith. There are specific differences between the goods of the parties, as well as certain pronounced differences between their contested marks. The issue as to their confusing similarity has been sharply and vigorously contested and many arguments and authorities have been cited by counsel for the respective parties.

The contentions of the parties have been given careful consideration. Bearing in mind the admonition expressed by Mr. Justice Holmes in Schlitz Brewing Co. v. Houston Ice & Brewing Co., 250 U.S. 28, 29, 39 S.Ct. 401, 63 L.Ed. 822, that "It is a fallacy to break the fagot stick by

stick," and bearing in mind the impression which results from a comparison of the respective marks in their entireties, we conclude that their concurrent use on the involved goods would not be likely to cause confusion in trade or to deceive purchasers. In other words, we agree with the views expressed in the following succinct expression taken from the decision of the Commissioner of Patents: "It is true that the word 'rex' which opposer uses as a valid and technical trade-mark does form one syllable of applicant's mark. It is not, however, set out separately or emphasized and, as presented by the drawing and specimens, would not, in my opinion, be recognized or connected with opposer's mark even by persons familiar with it. While a known mark cannot be appropriated and rights cannot be acquired by mere addition of words, syllables, or other features which leave the known mark recognizable as a prominent feature of the new mark, comparison of the marks does not give that impression in this case. In my opinion the inclusion of that syllable in applicant's mark cannot be considered an appropriation of opposer's mark.

■ Subsequent to the filing of the record in this court appellee filed a motion suggesting a diminution of the record by the addition thereto of certain parts of the record filed in the Patent Office. The motion was granted subject to an order of the court that the costs of printing the additional matter requested by appellee should be taxed on final decision. The additional matter consisted of numerous registrations to third parties of marks containing the term "rex." We are of opinion therefore that the additional matter so certified to the court was not reasonably necessary to a proper decision of the issues in this case. Under the facts thus presented, the costs of printing the additional matter will be taxed against appellee.

For the reasons hereinbefore stated, the decisions of the Commissioner of Patents are affirmed.

Affirmed.