52 CCPA

**PET MILK COMPANY, Appellant,**

v.

**KNUDSEN CREAMERY CO. OF CALIFORNIA, Appellee.**

Patent Appeal No. 7327.

United States Court of Customs and Patent Appeals.

March 4, 1965.

Roy A. Lieder, Joseph J. Gravely, St. Louis, Mo., James W. Dent, Washington, D. C., for appellant.

E. H. Mosher, Washington, D. C., Elwood S. Kendrick, John P. Scholl, Los Angeles, Cal., for appellee.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

RICH, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, one member dissenting, dismissing the opposition by Pet Milk Company to registration on the Principal Register of the trademark "Petite" for liquid milk, yogurt, and cottage cheese, application serial No. 111,195, filed January 3, 1961. The board's opinion is reported in full at 138 USPQ 532 where applicant's mark is reproduced.

Opposer-appellant relies on prior use (priority being conceded) of "PET" as a trademark on goods identical, at least in part, with those named in the application and on several registrations thereof all set forth in the board's opinion. Its prior use and registration of "PET-LAC" on milk powder is also conceded. Some reliance is also placed on the mark "PET-RITZ" but this is for frozen pies of fruit, chicken, turkey, or meat.

Unquestionably opposer's "PET" mark is exceptionally well-known as the result of the sale of some three billion dollars worth of milk products thereunder since 1894 with the aid of a hundred million dollars worth of advertising.

The sole issue is whether use of "Petite" on the goods named in appellee's application would be likely to cause confusion, mistake, or deception. In a well-reasoned opinion the board held it would not and we agree. The board properly concluded that the marks of opposer and applicant are unlike in sound, meaning, and appearance. As to appearance,

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

"PET" is registered and has become known to the public in the form of rather heavy block letters all of the same size. "Petite" as shown in the application and specimens is in a rather spindly script with a capital "P", the remaining letters being lower case.

Much argument is predicated on the alleged complete incorporation of the "word" PET in Petite. We do not see the *word* as incorporated nor do we think the purchasing public would be likely to see it. This is not a game of anagrams but a question of meaning conveyed to the beholder upon seeing common English words. "Pet" conveys one meaning, which scarcely requires a definition from us, and "Petite" conveys an entirely different meaning and hence produces a different reaction. As usually pronounced, "petite" does not even include the sound of the word "pet." On this subject of inclusion, see our decisions in Purex Corp., Ltd. v. United Drug Co., 67 F.2d 918, 21 CCPA 753 (PUREX registrable over REX marks), United Drug Co. v. Mercirex Co., 182 F.2d 222, 37 CCPA 1063 (MERCIREX registrable over REX, REXALL, etc.), and Clayton Mark & Co. v. Keystone Brass & Rubber Co., 279 F. 279, 47 CCPA 1069, 126 USPQ 259 (SUMARK registrable over MARK). Compare Commerce Drug Co., Inc. v. Boyle & Co., 329 F.2d 1020, 51 CCPA 1134, 141 USPQ 244 (BOYLENE not registrable over BOYLE). The nature of the inclusion and the effect, if any, on the mind of the beholder in suggesting a connection with opposer has much to do with its legal effect. We do not feel that "Petite" suggests any connection with "PET."

The record here shows that appellee adopted and used "Petite" on dairy products appealing to purchasers interested in reducing weight and the idea behind the mark is that it would "immediately conjure up in their minds the result they would attain in their own physiques by consuming these foods," as appellee's advertising manager testified. This is consonant with the dictionary meaning: "small and trim of figure: LITTLE—

usu. used of a woman *syn* see SMALL" (Webster's Seventh New Collegiate Dictionary) and also with the copy on the specimen labels used with the mark. There we find expressions such as "Dietized non-fat milk", "for healthful weight control," an illustration of a woman standing on a scale, and a silhouette of a woman aptly described as small and trim of figure.

While, of course, the description of the goods in the application does not limit the use of the mark to the environment shown by the specimens, we do think that the specimens negative any inference which might be drawn that there is any purpose to suggest appellant or its products or to plant in a purchaser's mind any thought of a connection with the source of "PET" products.

The decision of the board is affirmed.

Affirmed.