**ROBERT W. BROWN & CO., Inc., Robert W. Brown and Olive W. Brown, Appellants,**

v.

**Leonard DE BELL (substituted for United States License Frame Mfg. Co.), Appellee.**

**No. 15128.**

United States Court of Appeals Ninth Circuit.

April 5, 1957.

Lyon & Lyon, John B. Young, Los Angeles, Cal., for appellants.

Fulwider, Mattingly & Huntley, Robert W. Fulwider, Los Angeles, Cal., William K. Young, Los Angeles, Cal., for appellee.

Before STEPHENS and HAMLEY, Circuit Judges, and CLARK, District Judge.

HAMLEY, Circuit Judge.

This is an appeal from a judgment for plaintiff in a suit for infringement of design patent No. D-167,878. The questions presented on appeal are whether the trial court erred in holding the patent valid, and in ruling that the patent had been infringed by appellants.

The design in question is for an automobile license plate holder. It was prepared by Joseph C. Bessolo early in 1948. Shortly thereafter, United States License Frame Mfg. Co., a partnership comprised of Bessolo and Leonard De Bell, began manufacturing and market-

ing license plate frames conforming to this design. A patent covering this design was issued to Bessolo on October 7, 1952. On the next day he assigned all rights under the patent to United States License Frame Mfg. Co.

United States License Frame Co. instituted this suit against Robert W. Brown & Co., Inc., Robert W. Brown, and the latter's wife, Olive W. Brown, on November 19, 1953. Plaintiff company thereafter assigned all of its rights to Leonard De Bell, who was substituted as plaintiff, and is now the appellee.

A nonjury trial resulted in a judgment for plaintiff. Defendants were adjudged to have infringed patent No. D-167,878, which patent was declared to be valid. Further infringement of the patent was enjoined. Plaintiff was awarded general damages for past infringement, the amount to be fixed by a special master named in the judgment.

On appeal, appellants first argue that the trial court erred in finding and concluding that the patent in question is valid. It is contended that the patent is invalid because it involves no invention over the prior art.

The principal features of the Bessolo design [1] which, in combination, are relied upon as evidencing invention, are these: There are two indicia surfaces or headers, one at the top and the other at the bottom of the frame, in which advertising (such as the dealer's name and address) may be inserted; both indicia surfaces are depressed, so that the advertising stands out in the form of raised letters; such surfaces are dimpled to contrast with the surface texture of the rest of the frame; one indicia sur-

---

1. In the findings of fact, this design is described as follows:

"The design of the patent in suit embodies what has since come to be known in the trade as a doubleheader license frame comprising a basic frame structure of generally rectangular shape having upper and lower indicia carrying inserts therein. In the frame of Plaintiff's design, one of said inserts is slightly enlarged over the normal width of the basic frame structure and extends inwardly of the frame and centrally thereof. The other insert is enlarged both inwardly and outwardly and is likewise centrally spaced with respect to the sides of the frame. In each instance, the surface texture of the insert contrasts with that of the remaining portion of the frame and the entire frame is balanced and streamlined, the over-all appearance resulting in a new and ornamental design when viewed by the ordinary observed."

face is almost double the width of the other, so that the advertising inserted in the wider surface may be emphasized.[2]

The prior art considered by the patent office examiner in allowing the claim of patentability consisted of the Watts (1,-536,414), Griffith (D-134,835), and Overton (1,660,575) patents. The trial court found that none of these patents anticipates or negatives the design patent in suit. This finding is not clearly erroneous.

Appellants, however, contend that other license frame designs, some patented and some not, were not considered by the patent office. In this connection, appellants call attention to our statement in Gomez v. Granat Bros., 9 Cir., 177 F. 2d 266, 268, certiorari denied, 338 U.S. 937, 70 S.Ct. 351, 94 L.Ed. 578, that the presumption of prima facie validity of a patent is greatly weakened, if not destroyed, when pertinent prior art is not considered by the patent office.

The trial court carefully considered this additional evidence of the asserted prior art. It found that some of such art was not proved to be prior. It found that the art which was prior differed from that represented by the design patent in issue. It found that this difference was sufficiently substantial so that the prior art could not be said to anticipate the ornamental design of the patent in suit, and that the latter demonstrates invention over such art.

■ Our review of the record convinces us that these findings are not clearly erroneous. In our opinion, none of the prior art embraces, in substantial respects, the combination of features which lend novelty and invention to the design in question. No useful purpose would be served by setting out, in this opinion, a detailed comparison of designs.

■ In reaching this conclusion, we have given full effect to the rule that the standard of invention required for design patents is the same as that for mechanical patents. In both cases, there must be originality in the exercise of the inventive faculty. As we said in Magarian v. Detroit Products Co., 9 Cir., 128 F.2d 544, a streamlined and pleasing appearance is insufficient, in the absence of invention.

That the Bessolo design involved distinctive and desirable features not to be found in prior art is confirmed by its immediate commercial success. The trial court made the unchallenged finding that, although frames conforming to this design were sold at a higher price, sales increased until they surpassed the sale of other frames manufactured by United States License Frame Mfg. Co. The fact that the Bessolo design was widely copied by competitors is another indication that it was deemed a novel and superior design.

■ Commercial success is of great importance in determining the validity of a design patent. Glen Raven Knitting Mills, Inc., v. Sanson Hosiery Mills, Inc., 4 Cir., 189 F.2d 845. This is so because the objective of most such designs is to enhance saleable value. The realization of this objective shows that the design must have been sufficiently novel and superior to attract attention.

Appellants make some contention that the Bessolo patent is invalid because it is primarily functional and utilitarian. This argument is based on the fact that the principal purpose of the design is to provide advertising space, and that the frame itself has the utilitarian purpose of holding a license plate.

■ It is true that the purpose of Congress in authorizing the grant of design patents was to give encouragement to the decorative arts. Such patents contemplate not so much utility as appearance. Gorham Co. v. White, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731. But it does not follow from this that a design which comprehends a useful; in

2. In the drawing which forms a part of the patent application, and in the representations made to the patent office on the question of novelty, the wider indicia surface or header is indicated to be at the bottom of the frame.

addition to a decorative, purpose cannot be the subject of a valid design patent. While it is the design which is patented, it is immaterial that the subject of the design may embody a functional or utilitarian purpose.[3]

The trial court correctly concluded that the patent in question is valid.

The trial court held that appellants had infringed this patent in connection with their manufacture and sale of license frames to one Eddie Nelson, an automobile dealer, and others. In challenging this conclusion, appellants argue that the design of the accused device is no closer to the design of the patent in suit than it is to the design of the prior art.

The trial court expressly found to the contrary. It found, as noted above, that the patented design differed substantially from the prior art. It also found that the frames sold by appellants "incorporate the new and ornamental design of the patent in suit, are in all respects substantial duplicates thereof, embody the invention of said Letters Patent. * * *"

We have already expressed approval of the finding as to the differences between the patented design and the prior art. Concerning the finding as to the similarity between the design of the accused device and that which is covered by the patent, only one circumstance requires discussion. The frames manufactured for Eddie Nelson place the wider indicia surface or header at the top. The patent, on the other hand, shows the wider indicia surface at the bottom.

The Eddie Nelson design, however, is really the same as the patented design, but merely reversed through one hundred eighty degrees. There was undisputed testimony that it is customary in the trade to supply frames with the wider indicia surface on either the bottom or top, as the customer desires.[4] This shift in position of the wider indicia surface, so achieved, represents no departure from the patented design. In no other respect do we perceive any substantial difference between the accused Eddie Nelson device and that which is covered by the patent.

The findings of fact under discussion are therefore not clearly erroneous. The court correctly concluded that the patented design had been infringed.

Affirmed.

---

3. Dietz Co. v. Burr & Starkweather Co., 2 Cir., 243 F. 592, 594; Falcon Industries, Inc., v. R. S. Herbert Co., Inc., D.C.E.D.N.Y., 128 F.Supp. 204.

4. In license frames manufactured and sold by appellants to one Phil Hall, the design, which appears to substantially duplicate the patented design, places the wider indicia surface at the bottom.