**BATES INDUSTRIES, INC., Appellant,**

v.

**DAYTONA SPORTS CO. and Daytona Products, Inc., and Paulson Manufacturing Corporation, Appellees.**

No. 25096–97.

United States Court of Appeals,
Ninth Circuit.
April 26, 1971.

J. F. McLellan (argued), Francis A. Utecht, of Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., for appellant.

Roland N. Smoot (argued), Robert M. Taylor, Jr., of Lyon & Lyon, Los Angeles, Cal., for appellees.

Before MERRILL, ELY and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from the granting of a summary judgment in a patent infringement action which held invalid a utility patent and a related design patent, both of which covered a motorcycle-type protective helmet with a pivotally attached flip-up face shield. The district court found that the patented invention was not really inventive over the prior art, but merely a combination of old elements which did not accomplish a new result. According to both parties herein, the district court found, in effect, that the helmet in question was "obvious" in light of the prior art (35 U.S.C. § 103).[1] The action arises out of the patent laws of the United States. Jurisdiction is based upon 28 U.S.C. § 1338(a).

Daytona Sports Co. and Daytona Products, Inc. (Daytona) contend the appellant's utility patent and design patent are invalid. Daytona asserts that the utility patent was obvious from an unpatented visor assembly commonly known and sold publicly more than a year prior to the date of plaintiff's application. It was produced and sold by McHal Enterprises. Daytona contends that the design patent is invalid because the distinctive features relied upon by the plaintiff are essentially functional in nature and not new and original.

The district court carefully examined the claims of the plaintiff for its product and compared them with the McHal visor, and viewed the two products.[2] This court did likewise. The district court held that the utility patent claimed by the plaintiff was invalid because it was not inventive over the prior art. It held that the design patent was invalid because it was not new and original and also because its claimed distinctive features are primarily functional. We agree as to both patents.

The patented invention of the plaintiff consists of a transparent plastic shield made to curve around the face and attach at the top to a crash helmet. It is constructed so that it may be flipped up over the helmet and away from the face if desired. The prior art consisting of the McHal product has a similar face shield which also flips up but it also has a narrow visor or brim. Both products were displayed in court,

---

1. 35 U.S.C. § 103 provides, in part:
  "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.
  * * * *"

2. The district court's opinion may be found in 310 F.Supp. 311 (C.D.Cal.1969).

demonstrated at length and explained in detail. A photograph of a similar helmet and visor from a British cycle magazine was also pointed to as part of the prior art.

The scope of the court's factual inquiries has been well defined under 35 U.S.C. § 103, *supra:*

"Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved." Graham v. John Deere Co., 383 U.S. 1, 17–18, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966).

Appellant contends that the evidence demonstrates that there is an issue of material fact as to the level of ordinary skill in the pertinent art which could not be resolved on a motion for summary judgment. Intermountain Research & Engineering Co., Inc. v. Hercules, Inc., 406 F.2d 133 (9th Cir. 1969). That is, there exists an issue respecting the capacity of one with ordinary skill in the art to alter, modify or combine the prior art to duplicate the patented device.

■ Appellees contend that where the subject matter and the differences between the alleged invention and the prior art are so simple and requiring of no explanation that the claimed invention would have suggested itself to those with ordinary skill in the art, even if that skill is postulated at the minimum conceivable level, there can be no genuine issue of fact and summary judgment is proper. Walker v. General Motors Corp., 362 F.2d 56, 59 (9th Cir. 1966). In other words, appellees argue that there can be no genuine issue of fact as to the level of skill in the art because the claimed invention herein would be obvious even if the ordinary skill was at a very primitive level. The fact that others failed in attempts to devise a similar structure is immaterial if the claimed patent is obvious. Jeddeloh Brothers Sweed Mills, Inc. v. Coe Manufacturing Co., 375 F.2d 85 (9th Cir.), cert. denied, 389 U.S. 823, 88 S.Ct. 57, 19 L.Ed.2d 76 (1967); Alladin Plastics, Inc. v. Jerrold Stephan Co., 362 F.2d 532 (9th Cir. 1966).

With respect to the claimed design patent this court has stated:

"In order for a design patent to be valid, it must be: (1) new, (2) original, (3) ornamental, (4) non-obvious to a person of ordinary skill in the art, and (5) not primarily for the purpose of serving a functional or utilitarian purpose." Barofsky v. General Electric Corp., 396 F.2d 340, 342 (9th Cir. 1968), cert. denied, 393 U.S. 1031, 89 S.Ct. 644, 21 L.Ed.2d 575 (1969).

■ The same considerations which compel a conclusion against appellant with respect to the utility patent prevail as to the design patent. The differences relied upon are not non-obvious and also, as to design, are primarily in the functional field.

■ The only remaining issue is the trial court's refusal to award attorney fees to Paulson on its cross appeal. Patent law provides that only in "exceptional cases" may a court award reasonable attorney fees to the prevailing party. 35 U.S.C. § 285. That determination is primarily a matter for the exercise of district court discretion. Ashcroft v. Paper Mate Mfg. Co., 434 F.2d 910, 915 (9th Cir. 1970). The district court here declined on the evidence to award attorney fees. We do not disturb that action.

Judgment affirmed.