787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
LINDA JOYCE BRINSON, Defendant-Appellant.
 85-5308
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 AFFIRMED
 W.D.Ky.
 On Appeal from the United States District Court for the Western District of Kentucky
 BEFORE: KEITH and GUY, Circuit Judges and TAYLOR.*
 PER CURIAM:
 
 
 1
 Plaintiff, Linda Joyce Brinson, appeals from a March 6, 1985 verdict finding her guilty of 18 U.S.C. 113(f) and 18 U.S.C. 1112(a) for her willfully killing an infant in a heat of passion upon land under the exclusive jurisdiction of the United States, the Fort Campbell, Kentucky, military reservation. Appellant, on January 30, 1985, filed a motion to suppress a confession which was given during the investigation. On March 4, 1985, a suppression hearing was held, and appellant's motion was denied. Appellant appeals the conviction on the grounds she was not properly given Miranda warnings prior to her confession. We disagree, and accordingly affirm.
 
 
 2
 On October 30, 1984, Carlos Shealy, a fourteen month-old child, died of a subdural and subarachnoid hemorrhage in the brain. The victim was being cared for by the appellant at her Fort Campbell residence.
 
 
 3
 On December 6, 1984 agents Russel Strand and Arthur Chancellor from the Criminal Investigation Division (CID) spoke to appellant's husband, Sergeant Brinson, at his place of employment. They asked if he would accompany them to the CID office to answer some questions. Subsequently, both agents went with Sergeant Brinson to his home and talked with appellant. When asked if she would accompany them to the CID office, she agreed.
 
 
 4
 No questions were asked of appellant on the way to the office. Upon arrival at the office at 11:08 a.m., appellant was read her Miranda rights by Agent Strand, and signed a waiver. A general discussion ensued in which appellant was explained the reason for the questioning, and why she was suspected. Following the discussion or interview, appellant made a written statement denying culpability in the infant's death, which was signed at 3:50 p.m. During the interview, appellant was given the opportunity to use to telephone, leave the room, use the restroom and eat.
 
 
 5
 Subsequently, discrepancies in the statement were brought to appellant's attention. Appellant was interviewed again, and a second statement was given and signed by appellant at 7:55 p.m. This second statement incriminated appellant.
 
 
 6
 Appellant's argument for reversal is two-fold. First, appellant alleges that her second incriminating statement was taken without a reissuance of her Miranda rights. Second, appellant argues that even if she was adequately warned of her rights, that the statement was a result of coercion and duress.
 
 
 7
 Since appellant had been advised of her constitutional rights prior to any questioning, and she in fact waived those rights, the issue before this Court is whether a prior waiver of constitutional rights remains effectual after a statement is obtained precipitating a second interview which results in a confession. This issue has been answered in the affirmative by a number of circuit courts. Miller v. United States, 396 F.2d 342 (8th Cir., 1968) held that a confession is not necessarily invalid because a Miranda warning is not repeated in full each time the investigation process is resumed after an interruption. A recent circuit case has reaffirmed Miller. In Jarrell v. Balkem, 735 F.2d 1242 (11th Cir., 1984), the court held that a confession, which was given four hours after Miranda warnings, was not inadmissable because of failure to reissue the warnings upon defendant's arrest. Although the interviewing time span in the present case was approximately nine hours, rather than four, such difference is not determinative. The key question is did defendant knowingly and intentionally waive her legal rights? We find the district court was not clearly erroneous in finding a knowing and intentional waiver.
 
 
 8
 Appellant contends that even if she was adequately given Miranda rights, that the statement should nonetheless be suppressed because it was involuntarily obtained by mental coercion. A determination of voluntariness is premised on the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The Fifth Circuit has succinctly stated the test for 'voluntary' confessions:
 
 
 9
 '[I]n order to find [the defendant's] confession voluntary, we must conclude that he made an independent and informed choice of his own free will not being overborne by the pressures and circumstances swirling around him.'
 
 
 10
 Jurek v. Estelle, 623 F.2d 829, 937 (5th Cir. 1980) (en banc) cert. denied, 450 U.S. 1001 (1981).
 
 
 11
 The circumstances surrounding appellant's confession indicate that it was entirely voluntary. Appellant was able to leave the room, use the telephone, eat lunch, and speak to her husband, who was in an adjoning room. Appellant was never handcuffed or arrested prior to her confession. Agent Chancellor, who was present with Agent Strand during both interviews, testified that appellant had never been told she did not need a lawyer.
 
 
 12
 Essentially, appellant claims her confession was involuntary for the following reasons: that the interviewing process took place over nine hours; that appellant was upset; that agents insisted she was not telling the truth; and that they threatened staying all night in order to obtain the truth.
 
 
 13
 Although the court readily recognizes the right to have counsel present during questioning if so requested, no court stretches that rule to include having one's spouse present. There is no right to lay counsel. United States v. Gigax, 605 F.2d 507 (10th Cir. 1979).
 
 
 14
 Appellant asserts that nine hours of questioning rendered her confession involuntary. However, it must be emphasized that five or six breaks were taken during the nine hours, that appellant had time to talk with her husband, sit with her daughter, and use the restroom. In addition, both Agents Strand and Chancellor testified that much of the nine hours was consumed by agent Chancellor's limited typing ability. The totality of these circumstances leads us to believe that the mere length of time was not coercive.
 
 
 15
 Appellant asserts, and Agent Chancellor testified, that he told appellant that she was not telling the truth in her first statement. However:
 
 
 16
 '[E]ncouraging her to tell the truth is no more than affording her the chance to make an informed decision with respect to her cooperation with the government.'
 
 
 17
 United States v. Ballard, 586 F.2d 1060, 1063 (5th Cir. 1978).
 
 
 18
 Moreover, assuming the statement made by Agent Chancellor was an investigative technique, it does not render the confession involuntary:
 
 
 19
 '[it] is clear, that the police's use of a trick alone will not render a confession involuntary. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed. 2d 684 (1969).'
 
 
 20
 United States v. Castaneda-Castaneda, 729 F.2d 1360, 1363 (11th Cir. 1984).
 
 
 21
 The court, in United States v. Wertz, 625 F.2d 1128 (4th Cir. 1980), further states:
 
 
 22
 '. . . it is important always to bear in mind that 'the voluntariness of a confession cannot be equalled to the absolute absence of intimidation,' Johnson v. Hall, (1st Cir. 1977), 605 F.2d 577, 582, n.8, for '[u]nder such a test, virtually no statement would be voluntary because very few people give incriminating statements in the absence of official action of some kind.'
 
 
 23
 625 F.2d at 1134.
 
 
 24
 Finally, appellant deems the confession to be a result of coercion because she became upset during the second interview. However, at the time appellant gave the statement, reviewed it, and signed it, both Agents Strand and Chancellor testified that appellant was calm. At one point during the interview appellant began crying and was then comforted by Agent Strand.
 
 
 25
 Admittedly, talking of the death of a child which one was responsible for would cause some emotional outburst such as crying. However, in light of the circumstances, it cannot be said that appellant was overborne by the distressed condition.
 
 
 26
 In conclusion, in determining the voluntariness of a confession, a reviewing court should not disturb the trial court's findings unless clear error appears on the record. U.S. v. Murphy, 763 F.2d 202 (6th Cir. 1985). Insofar as the circumstances surrounding the instant confession indicate a voluntary confession on appellant's part, the confession should stand. Accordingly, we affirm.
 
 
 
 *
 Honorable Anna Diggs-Taylor, District Judge, U.S. District Court for the Eastern District of Michigan, sitting by designation