Rod S. Berman, Spensley Horn Jubas & Lubitz, Los Angeles, Cal., for plaintiff.

Eric S. Hyman, Blakely, Sokoloff, Taylor & Zafman, Beverly Hills, Cal., for defendant.

**PIONEER PHOTO ALBUMS, INC., a California corporation, Plaintiff,**

v.

**The HOLSON COMPANY, a Connecticut corporation, Defendant.**

**No. CV85–6836–JSL.**

United States District Court, C.D. California.

Feb. 4, 1987.

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

LETTS, District Judge.

This is one of three cases involving design patents this Court decided on preliminary motions over a short time span. The other cases are *Whittar Industries Ltd. v. Superior Industries International*[1] and *Neo-Art, et al. v. Hawkeye Distilled Products Co., et al.*[2] Each of these cases in-

1. 230 U.S.P.Q. 48 (1986) [Available on WESTLAW, DCTU database].

2. 654 F.Supp. 90 (C.D.Cal., 1987).

volves the same controlling precedents, and each party contends that proper application of these precedents to the facts of its particular case requires a decision in its favor.

Taken together, these three cases on design patents demonstrate the importance of distinguishing between a "design for an article of manufacture," where the *design of the article itself* produces an aesthetically distinctive overall visual impression in a novel and non-obvious way, and a design which (a) produces only the visual effect which is the self-evident result of combining functionally obvious design elements, or (b) produces aesthetically distinctive visual effects only through the addition of graphics or other ornamental elements which are *not* part of the actual "design for an article of manufacture."

Pioneer Photo Albums ("Pioneer") initiated this action for declaratory judgment, seeking money damages and attorneys' fees, alleging U.S. Design Patent 277,489 ("Holson Patent") issued to defendant The Holson Company ("Holson") was invalid. The patent concerns a design for a greeting card. In a counterclaim Holson alleges Pioneer infringed the Holson patent. On September 4, 1986, Pioneer filed a Motion for Partial Summary Judgment based upon 35 U.S.C. section 103. Oral argument was heard on October 20, 1986. Federal jurisdiction is based upon the Federal Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202 (1982), and the patent laws of the United States, 35 U.S.C. sections 271 and 281 (1982), and 28 U.S.C. section 1338 (1982).

This Court holds that the Holson Patent is invalid because the design of "the article of manufacture" produces a visual impression which is merely the aesthetically self-evident result of combining functionally obvious design elements. The facts of the present case are similar to *Hawkeye* and dissimilar to *Whittar*. The addition of surface graphics which are not part of the design of the article of manufacture, but which produce a distinctive visual impression, does not save the patent. The Court sets forth its findings of fact and conclusions of law.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Both Pioneer and Holson develop, distribute and sell materials for holding photographs, including photo albums, photo album pages and photo album greeting cards. Photo album greeting cards are foldable cards that can function both as a greeting card and as a photo album.

The design of the Holson Patent consists of a rectangular piece of cardboard that when folded in half consists of four surfaces: front, back, left inside, and right inside. The front surface is blank except for two parallel lines. The back surface is blank. The left inside surface has some parallel horizontal lines for writing a message and some curly-Q-lines for design. Attached to the right inside surface are four, stacked, clear envelopes known as "flips," and each flip is capable of holding two photographs. The flips are attached so that they can be flipped up, one after another, to reveal the next photograph. The right inside surface also includes some horizontal lines for writing identifications of the photographs in the flips.

To determine whether the design at issue may be patentable, it is necessary to consider section 171 of the United States Code, which states:

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

The provisions of this title relating to patents for inventions shall apply to patents for designs except as otherwise provided.

35 U.S.C. section 171 (1982)

It must be noted that, unlike *Whittar* and *Neo-Art*, the Holson design combines *functional* elements in a way which, although obvious, had not been done before. Nonetheless, the elements of the design are wholly functional and, therefore, not

entitled to patent protection.[3] The commercial attractiveness of a single-photograph greeting card which creates specific space for the purchaser to fill in "greetings" was apparently well known. It would seem a foregone conclusion, therefore, that a market would exist for a multi-photograph greeting card which provided a similar space for the purchaser to fill in greetings.

As in *Hawkeye*, once the product idea had been conceived, the way to reduce it to commercial practice could hardly have been more obvious: simply attach a conventional multi-photograph flip to the inside of a folded piece of greeting card-quality paper, mark the inside surface with space for writing a greeting, and provide similar spaces under the "flip" for writing in an identification of the photograph. This is precisely what Holson did, and the design for the *article of manufacture* was complete.

The Court here contrasts Holson with the design in *Whittar* (a steering wheel made of a rim, hub and spokes) which survived a challenge of invalidity on Motion for Summary Judgment. In *Whittar*, although the design elements were all functional, they were individually designed and combined in an aesthetically non-obvious manner: the design was not solely the result of combining the functional design elements in a functionally efficient manner. In the present case, the addition of lines or other surface decorations does not alter or enhance the design of the "article of manufacture" in any way. Such changes do not render the "design for an article of manufacture" either new, original, or ornamental as required for patent protection under 35 U.S.C. section 171. Hence, the instant case is distinguishable from *Whittar*.

Holson has not cited the Court to any case or other authority which even suggests that adding mere graphics[4] to the surface of the "article" can render patentable an otherwise unpatentable "design for an article of manufacture." To so hold would be contrary not only to the plain meaning of the words of section 171, but it would also result in a substantial and undesirable increase in litigation on issues of infringement.

The issue of infringement of a design patent is one of fact which, quite literally, rests "in the eye of the beholder." In *Gorham Mfg. Co. v. White*, 81 U.S. [14 Wall.] 511, 20 L.Ed. 731 (1871), a case each party cites in support of its position for a preliminary injunction, the Supreme Court set forth the test to be applied in determining whether a patent has been infringed:

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Id.* 81 U.S. [14 Wall.] at 528.

In *Hawkeye*, this Court stated the design of the alcohol dispenser was not patentable since it depended entirely on the visual association with a medical IV Unit. Otherwise, *any* design which produced a visual association with a medical IV Unit would infringe the patent under the *Gorham* standard. Consequently, the *Hawkeye* patent, if valid, would have afforded monopoly protection for the idea itself, rather than a new or original design which was reduced to commercial practice as contemplated by patent law. Indeed, the manner in which the idea there was reduced to commercial

---

**3.** *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234 (Fed.Cir., 1986), where the court ruled that a "showing that [a design] is primarily functional is sufficient to preclude the grant of a preliminary injunction." This motion was decided and the opinion drafted before the *Power Controls* opinion was published. That case, if not absolutely controlling, is very persuasive.

**4.** Arguably, the lines on the greeting card which are there for the purpose of providing a space to write in "greetings" and photograph identifications are also part of the article. If so, of course, the design still could hardly be more obvious.

practice could hardly have been more obvious.

Here the situation is quite similar. The relevant "article of manufacture" is a multi-photograph greeting card with spaces provided to write in greetings and identify photographs. Patent protection could be fairly sought only for the design for the article. Any efficient design of this article, which includes the entirely functional flip and lines to write in greetings and identify photographs, would seem likely to be held by a trier of fact to be infringing, regardless of how different the graphics or other surface ornamentations might be.

As a result, if the patent in the instant case were held to be valid, the practical result might well be to extend to Holson, on the basis of graphics alone, considerable monopoly protection to the commercial *idea* of multi-photograph greeting cards. This commercial idea is hardly novel and its design essentials could hardly have been reduced to practice in a more obvious way. The design at issue is not patentable and, therefore, the alleged patent is invalid.

IT IS SO ORDERED.